Dear Mr. Abrusley:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the City of Oakdale, you have asked for our opinion concerning a proposed transaction between the City of Oakdale and a Louisiana non-profit corporation.
Your request indicates that The Health Enrichment Network, Inc. (THEN) is a Louisiana non-profit corporation and charitable organization which provides health enriching and wellness services to persons of low and very low income. The health enriching and wellness services include educational services on the effects of physical exercise, as well as the providing of exercise facilities. Among the exercise facilities provided by THEN, is an aquatic facility which THEN has constructed on certain property owned by the City of Oakdale and leased to THEN.
You request indicates that THEN has proposed to construct certain additional facilities on the currently leased property to make the aquatic facility more attractive to users, especially the elderly and physically challenged. In order to construct these additional facilities, THEN must incur debt. You have indicated that THEN's proposed lender is requiring THEN to acquire the currently leased property and grant a mortgage on said property (including the aquatic facility). The City of Oakdale wishes to convey the currently leased property too THEN at no or nominal consideration.
In connection with the proposed transfer, THEN has agreed to provide its facilities and services at no cost to persons of need. You indicate the proposed transaction will further benefit the social welfare of the citizens of Oakdale by providing additional facilities and services to improve the health of the citizens, including those who might not otherwise have access to such facilities.
Since the proposed transaction contemplates the transfer of public property, it must be addressed in light of the provisions of Louisiana Constitution Article VII, Section 14, which provides, in pertinent part, the following: *Page 2 
 "§ Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
 * * * Art. VII, Sec. 14 clearly prohibits the donation of public funds. Notwithstanding, Louisiana Constitution Article VII, Sec. 14 (B) provides exceptions to the general prohibition against the gratuitous alienation of public property. For example, Louisiana Constitution Article VII, Sec. 14 (B)(1) provides the following: (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; . . .
In earlier interpretations of this Article, this office found that Paragraph (B) of Section 14 permits the expenditure of public funds for programs of social welfare for the aid and support of the needy. We have previously held that the exception in Paragraph (B) is operative as long as those assisted through such a program are screened pursuant to objective criteria to insure that they are, in fact, needy. See Attorney General Opinion Nos. 76-57; 81-60,96-21.
Based upon the information available to our office, it does not appear that THEN has in place an established program of assistance to the needy with objective eligibility criteria. It is our understanding that the existing exercise facilities are generally open to the public. The proposed certain additional facilities will likewise be open to the public. It is clear to us that these facilities will not be used exclusively to aid and support the needy.
Further, the lack of a clear policy or objective criteria concerning the assistance or services provided by THEN similarly hinders a favorable analysis under Paragraph (B) of Section 14. Although THEN has agreed to provide its facilities and services at no cost to persons of need, it is our opinion that THEN does not have in place a program "of social welfare for the aid and support of the needy". Accordingly, the proposed transfer would not satisfy the requirements of Article VII, Section 14 (B)(1) and would amount to a prohibitive donation. *Page 3 
We trust this adequately responds to your request. If you should have any additional questions, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: _________________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt